IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

CORNELIUS TUCKER,

       Plaintiff,

v.                           Case No. 6:06-cv-00658

U.S. GOVERNMENT ENTITIES,
DEPT. OF JUSTICE,
CHARLESTON DIV.,
U.S. (ACTING) ATTY. CHARLES MILLER,
ASSIST. ATTY. STEPHEN HORN,
U.S. BUREAU OF PUBLIC DEBT/TREASURY
CHIEF COUNSEL GARY BRADLEY,
ACCRUAL CUSTOMER SERVICES DARRELL HARPER,
BPD L. MARTIN, JUDITH HAWE, CARRIE BELL,
ACS APRIL KESSELL, S. WINGROVE, R. AYER,
PRESIDENT TREASURY CARBRAL, SECRETARY JOHN SNOW,
U.S. POSTAL SERVICES, CHARLESTON/PARKERSBURG DIVS.,
CLERK DEPPNER, U.S. SOUTHERN DISTRICT COURT,
PARKERSBURG, W. VA., P. GROSSNICKLES ACS,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 21, 2006, Plaintiff, an individual incarcerated in the State of North Carolina, filed an Application to Proceed <u>in forma pauperis</u> (docket sheet document # 2), a Complaint (# 3), and a "Motion for Order Compelling Discovery and Complete F.O.I.A. PA Documents Denied in Case No. 6:06-cv-00139 and Injunctive Relief for Court Order to Have Defendants Prohibited From Continued James Orwin PDF Form Completion" (# 4). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for

submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the court is required to screen each case in which a prisoner requests in forma pauperis status and seeks redress from a governmental entity, officer, or employee. On screening, the court must recommend dismissal of the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A claim is "malicious" when it contains allegations which the plaintiff or petitioner knows to be false, it is part of a longstanding pattern of abusive and repetitive lawsuits, or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981). Thus, a claim is malicious if it is repetitive or evidences an intent to vex the defendant(s) or abuse the judicial process by re-litigating claims decided in prior cases.

A complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the

2

plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002) (section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted). However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

Title 28, United States Code, section 1915(g) further provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought on action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Commonly known as the "three strikes" rule of the Prison Litigation Reform Act of 1995, the statute abrogates prisoners' entitlement to bring civil actions in forma pauperis after having three or more prior actions dismissed as being frivolous, malicious, or for failure to state a claim. It does not, however, prohibit such prisoner from proceeding with the civil action after paying the required filing fee in full.

3

## PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

This is the tenth lawsuit filed by Plaintiff in this United States District Court since May of 2005. All of the cases filed by Plaintiff concern the same subject matter - the alleged deprivation of United States Savings Bonds. At least seven of Plaintiff's cases have been dismissed as being frivolous and for failure to state a claim. In the instant case, Plaintiff has not adequately alleged that he is under imminent danger of serious physical harm. Accordingly, under 28 U.S.C. § 1915(g), the undersigned proposes that the presiding District Judge **FIND** that Plaintiff cannot proceed in forma pauperis.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (# 2). In light of the recommended dismissal of Plaintiff's Complaint, however, it is further respectfully **RECOMMENDED** that Plaintiff not be required to pay the $350 filing fee.

## ANALYSIS

The majority of the allegations in Plaintiff's present (and tenth) Complaint are difficult to decipher. A brief review of present Complaint, however, indicates that Plaintiff is again raising claims concerning the alleged denial of his United States Savings Bonds that were exhaustively addressed in Plaintiff's previous lawsuits, all of which have all been dismissed as being

4

frivolous or for failure to state a claim. After unsuccessfully claiming that employees of the Bureau of Public Debt are either intentionally or negligently depriving Plaintiff of his United States Savings Bonds, Plaintiff is now attempting to assert that the defendants named herein are somehow discriminating against Plaintiff based upon his alleged mental disability. Plaintiff's claim lacks any arguable basis in law or in fact, and it is clear that Plaintiff can prove no set of facts which would entitle him to relief against the defendants named herein. Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's present Complaint is frivolous and fails to state a claim upon which relief can be granted.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action under 28 U.S.C. § 1915A as being frivolous and for failure to state a claim, and **DENY AS MOOT** Plaintiff's Motion for Order Compelling Discovery and for Injunctive Relief (# 4).

Additionally, it is respectfully **RECOMMENDED** that, in light of Plaintiff's repetitive and abusive filings, the presiding District Judge enjoin Plaintiff from filing any further pro se claims in any division of this United States District Court concerning the alleged denial of his United States Savings Bonds, without first obtaining permission from the presiding District Judge.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and Assistant United States Attorney Stephen M. Horn.

| | |
|---|---|
| <u>September 6, 2006</u> | *Mary E. Stanley* |
| Date | Mary E. Stanley |
| | United States Magistrate Judge |

6